# CIRCUIT COURT OF CAROLINE COUNTY

Daryl Hershberger

v.

Bank of America, N.A.

September 13, 2013

Case No. CL130270

BY JUDGE PATRICIA KELLY

Plaintiff entered into a mortgage loan agreement evidenced by a note secured by a Deed of Trust with Defendant in July 2007. The terms of the note allowed Defendant to accelerate payment if Plaintiff failed to make timely payments. The note required Defendant to send notice of intent to accelerate to Plaintiff and to give Plaintiff at least thirty days from the date of notice to cure the default.

Defendant sent Plaintiff a notice indicating that Plaintiff was in default and that the Defendant intended to accelerate payments on the note. Plaintiff alleges that the notice of intent to accelerate was back-dated and did not provide at least thirty days to cure the default. For purposes of the Demurrer, the Court accepts as true that the date contained in the notice did not comply with the terms of the note.

Defendant appointed a Substitute Trustee and proceeded to foreclosure on the property. After the property was sold at foreclosure, the new owner entered the property and removed Plaintiff's personal items from the property. Plaintiff alleges that the foreclosure was done in violation of the terms of the note because Defendant did not give Plaintiff proper notice of intent to accelerate. The Plaintiff is not seeking to quiet title to the property.

Plaintiff filed this action alleging, Count One: Breach of Contract for Failure To Provide thirty days written notice of intent to accelerate and Count Two: Breach of Implied Covenant of Good Faith and Fair Dealing.

Defendant filed a Demurrer as to both counts.

The Court heard argument of counsel, and took the matter under advisement to do further research. The Court having read the Complaint, the Demurrer, the Memorandum in Support of the Demurrer, the Memorandum in Opposition to the Demurrer, listened to argument of counsel, and researched the issues, makes the following findings.

*Count One:* In Virginia, a Plaintiff must allege the following in order to establish a claim for breach of contract:

(1) A legally enforceable obligation of a defendant to a plaintiff: Plaintiff alleges that he entered a contract with the Defendant to finance the purchase of a home in the form of a Note and endorsed Deed of Trust. This is a legally enforceable obligation in Virginia;

(2) The defendant's violation or breach of that obligation: Plaintiff alleges that Defendant back-dated the required thirty day notice of intent to accelerate the note. This is an alleged breach or violation of the contract. It is not necessary that Plaintiff state the number of days involved with the back dating in order to state a cause of action. For purposes of the Demurrer, the Court takes this allegation as true;

(3) Injury or damage to the Plaintiff caused by the breach of that obligation: Plaintiff seeks damages in the amount of $250,000.00 for loss of equity in his home and loss of personal possessions due to the subsequent foreclosure of the property after the defective notice. Plaintiff has alleged damages as a result of the breach.

The Court finds that Plaintiff has stated a cause of action, and the Court hereby adjudges, orders, and decrees that Defendant's Demurrer to Count One is overruled.

*Count Two:* Implied Covenant of Good Faith and Fair Dealing.

Plaintiff alleges a separate cause of action for Breach of Implied Covenant of Good Faith and Fair Dealing under the Uniform Commercial Code under the same facts. In this case, no implied duty exists because all of the rights and remedies are contained within the contract. As such, a separate action for Breach of Implied Covenant of good Faith and Fair Dealing does not exist.

The Court finds that Defendant has met the burden to sustain the Demurrer, and the Court hereby adjudges, orders, and decrees that Defendant's Demurrer to Count Two is sustained, without leave to amend, and Count Two is dismissed with prejudice.

This matter is scheduled for further hearing on October 4, 2013, at 9:00 a.m. The only issue still outstanding is Defendant's Motion Craving Oyer. That matter will be addressed at the next hearing.